**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONNA TROPE,<br><br>                                    Plaintiff,<br><br>v.<br><br>DYANA RASKIN AESTHETICS,<br><br>                                    Defendant. | Case No. 1:26-cv-1866<br><br>**COMPLAINT FOR**<br>**COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Donna Trope, for her Complaint against Defendant Dyana Raskin Aesthetics, alleges as follows:

## JURISDICTION AND VENUE

1.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2.     This Court has subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3.     This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of New York, Defendant's acts of infringement were directed towards the state of New York, Defendant caused injury to Plaintiff within the state of New York, and Defendant has

1
COMPLAINT

a physical presence in the state of New York.

4.  Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5.  Plaintiff Donna Trope ("Trope") is an individual and professional photographer residing in New York.

6.  Defendant Dyana Raskin Aesthetics ("DRA") is a limited liability company duly organized and existing under the laws of the state of New York.

7.  For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS
### *Plaintiff Donna Trope*

8.  Trope is a highly successful and award-winning beauty and fashion photographer.

9.  Trope's work has been featured in several top publications, including *Vogue*, *National Geographic*, *French FOTO*, *Italian Foto*, and *New York Times Magazine*.

10.  Trope's commercial client list includes brands such as Revlon, Aveda,

COMPLAINT

Sephora, Maybelline, and Skims.

11.  Trope licenses her work for a fee.

12.  Trope's livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Trope's work deters would-be infringers from copying and profiting from her work without permission.

13.  Trope is the sole author and copyright holder of a photograph of Megan Fox and Courtney Kardashian sharing a plate of cherries ("Cherry Photograph").

14.  Attached hereto as Exhibit A is a true and correct copy of the Cherry Photograph.

15.  Trope registered the Cherry Photograph with the United States Copyright Office under Registration Number VA 2-286-636 with an Effective Date of Registration of December 3, 2021.

16.  Attached hereto as Exhibit B is a true and correct copy of the Registration Certificate VA 2-286-636.

17.  As shown on the Registration Certificate, the Cherry Photograph was first published on September 15, 2021. *See* Exhibit B.

18.  The Cherry Photograph was registered with the United States Copyright Office on December 3, 2021. *See* Exhibit B.

19.  Therefore, the Cherry Photograph was registered with the United States

COMPLAINT

Copyright Office within three months of first publication.

***Defendants Dyana Raskin Aesthetics***

20.    Defendant DRA is a New York limited liability company with a principal place of business at 31-19 Newtown Avenue #801, Astoria, NY 11102.

21.    Defendant DRA operates an aesthetics spa offering skincare treatments such as facials and microneedling, and injectables such as Botox and filler. *See generally* https://www.dyanaraskin.com/.

22.    DRA manages, maintains, and controls the Instagram Account @dyanaraskin https://www.instagram.com/dyanaraskin ("Defendant's Instagram Account").

23.    At all relevant times, the Defendant's Instagram Account was readily accessible to the general public throughout the state of New York, the United States, and the world.

24.    The Defendant's Instagram Account generates content in order to promote the Defendant's services, attract social media followers, attract user traffic to the Defendant's main web page, and generate profit and revenue for DRA

25.    At all relevant times, DRA had a direct financial interest in the content and activities of the Defendant's Instagram Account, including the activities alleged in this Complaint.

26.    At all relevant times, DRA had the ability to supervise and control all

COMPLAINT

content on the Defendant's Instagram Account.

### *Defendant's Unauthorized Use of the Cherry Photograph*

27.    On or about July 20, 2023, Plaintiff discovered the Cherry Photograph copied and published on the Defendant's Instagram Account with the caption "Friday Mood with these two beauties @meganfox @kourtneykardash MORE BOTOX PLEASE" ("Infringing Post").

28.    Attached hereto as Exhibit C are true and correct screenshots of the Infringing Post on Defendant's Instagram Account.

29.    Trope has never at any point granted DRA a license or other permission to copy, display, distribute, or otherwise use the Cherry Photograph in the Infringing Post on the Defendant's Instagram Account or elsewhere.

30.    Defendants, including their employees, agents, contractors, or others over whom they have responsibility and control, copied and uploaded the Cherry Photograph to the Defendant's Instagram Account without Trope's consent or authorization.

31.    On information and belief, Defendants' use of the Cherry Photograph was deliberate and willful because they knew or should have known that they did not purchase a license to use the Cherry Photograph on the Defendant's Instagram Account or in any other way.

32.    Soon after discovering the Infringing Post, Trope, through counsel,

COMPLAINT

reached out to Defendant to have the Cherry Photograph removed and to attempt to resolve this matter without court intervention, but the parties were unable to come to an agreement.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

33.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

34.    Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Cherry Photograph.

35.    Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon the copyrighted Cherry Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Cherry Photograph without Plaintiff's consent or authority by using them in the Infringing Post.

36.    As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

37.    As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable

attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

38. Defendants, including their employees, agents, contractors, or others over whom they have responsibility and control, copied and uploaded the Cherry Photograph to the Defendant's Instagram Account without Trope's consent or authorization.

39. Defendants, including their employees, agents, contractors or others over whom they have responsibility and control, willfully uploaded the Cherry Photograph onto the Defendant's Instagram Account because Defendants knew they did not have permission to use the Cherry Photograph.

COMPLAINT

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest and exclusive rights in the Cherry Photograph by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre-judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: March 30, 2026                    Respectfully submitted,

**/s/ Taryn Rose Murray**
Taryn Rose Murray, Esq.
EDNY #5888896
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne Ave., Suite 200
N. Las Vegas, NV 89032
(813) 710-3013
(714) 597-6559 facsimile
tmurray@higbee.law
*Counsel for Plaintiff*

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff Trope hereby demands a trial by jury in the above matter.


Dated:        March 30, 2026                    Respectfully submitted,


                                                **/s/ Taryn Rose Murray**
                                                Taryn Rose Murray, Esq.
                                                EDNY #5888896
                                                **HIGBEE & ASSOCIATES**
                                                3110 W. Cheyenne Ave., Suite 200
                                                N. Las Vegas, NV 89032
                                                (813) 710-3013
                                                (714) 597-6559 facsimile
                                                tmurray@higbee.law
                                                *Counsel for Plaintiff*

9
COMPLAINT